■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BOYD, Appellant. — Judgment of the County Court, Nassau County (Feeney, J., at the suppression hearing; Battisti, J., at the plea and sentence), rendered August 25, 1980, affirmed. (See *People v Lynes,* 49 NY2d 286; *People v Kaye,* 25 NY2d 139.) Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered May 28, 1981, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Appeal dismissed upon the ground that the defendant is not presently available to obey the mandate of this court in the event of an affirmance. (See *People v Hutchings,* 40 NY2d 836; *People v Parmaklidis,* 38 NY2d 1005; *People v Sullivan,* 28 NY2d 900; *Matter of Whitley v Cioffi,* 74 AD2d 230.) Mangano, J. P., Thompson, Brown and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY HARDY, Appellant. — Judgment of the County Court, Suffolk County (Copertino, J.), rendered May 19, 1980, affirmed. No opinion. The case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Titone, Thompson and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KANE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered February 10, 1981, convicting him of assault in the second degree, after a nonjury trial, and imposing sentence. Judgment modified, on the law, by reducing defendant's conviction to one of assault in the third degree and vacating the sentence imposed. As so modified, judgment affirmed and case remitted to the Supreme Court, Kings County, for the imposition of sentence and for further proceedings pursuant to CPL 460.50 (subd 5). Defendant became involved in a fistfight between his codefendant and the complainant. Defendant did not know that his codefendant possessed a knife and intended to use it. The codefendant stabbed the complainant, causing a serious injury. Defendant never saw the knife. On these facts, defendant's conviction of assault in the second degree (Penal Law, § 120.05) cannot stand. While it was proven beyond a reasonable doubt that defendant intended to cause physical injury to the complainant, it was not proven beyond a reasonable doubt that he caused such injury by means of a deadly weapon or a dangerous instrument. He did not have the same intent or purpose of his codefendant and, therefore, cannot be responsible for the codefendant's actions (see *People v La Belle,* 18 NY2d 405). Since defendant did not cause injury with the knife or know that the codefendant possessed the knife, he cannot be found guilty of assault in the second degree. However, since it was proven beyond a reasonable doubt that defendant intended to cause physical injury to the complainant and that he did cause such injury during the course of the fistfight, his guilt of assault in the third degree was established. The matter must be remitted for the resentencing of defendant on the lesser offense. Titone, J. P., Mangano, Gibbons and Thompson, JJ., concur.