■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEWEY FORTE, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered May 11, 1982, convicting him of criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict and imposing sentence.

Judgment affirmed.

We conclude it was not error to permit the introduction of the defendant's prior statements made on an answering machine tape into evidence, although those statements had been suppressed, since those statements were used only for the limited purpose of impeaching the defendant's testimony that he was entrapped, by showing his predisposition to commit the crimes charged *(see, People v Mann,* 31 NY2d 253; *People v Calvano,* 30 NY2d 199). The trial court's charge to the jury regarding the use and effect of this evidence, although it could have been more specific, nevertheless, as a whole, conveyed to the jury the correct rules which should be applied by instructing them that evidence of the defendant's prior inconsistent statements introduced by the People was admitted solely to assist them in determining the credibility of the defendant's testimony, and was not to be considered as evidence of his guilt of the crimes charged. As such, the charge was proper and sufficient *(see, People v Russell,* 266 NY 147, 153; *People v Jackson,* 90 AD2d 836). Since the defendant testified that he did not sell drugs in the regular course of business, while the statements on the tape tended to show that he did, the charge as to prior inconsistent statements clearly referred to the defendant's statements on the tape.

We also find that the defendant did not meet his burden of establishing the necessity for disclosure and production of a confidential informant *(see, People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012; *People v Chavis,* 113 AD2d 896).

We have reviewed the defendant's other claims and find them to be without merit. Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.