■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT C. SALGADO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of two counts of murder in the second degree (Penal Law § 125.25 [3]), one count of burglary in the first degree (Penal Law § 140.30) and

one count of robbery in the first degree (Penal Law § 160.15). In support of his argument that a tape-recorded statement he gave to police should have been suppressed, he contends that the interrogating officers gave him "false legal advice" which prompted him to waive his rights and undermined the voluntariness of the confession. On this record, however, it cannot be said that the interrogation was fundamentally unfair or that it induced defendant falsely to incriminate himself. The hearing court's determination that defendant knowingly and voluntarily waived his rights and voluntarily gave the statement should not be disturbed (see, People v Tarsia, 50 NY2d 1).

Defendant also contends that because he met his burden of establishing each of the elements of the statutory affirmative defense to felony murder (Penal Law § 125.25 [3] [a], [b], [c], [d]), the verdict as to each count of felony murder is against the weight of the evidence. We disagree. In evaluating this issue, we first note that the evidence of defendant's participation in the underlying felonies was overwhelming. The evidence also required the court to submit to the jury, as it did, the issue of whether defendant had met his burden on the affirmative defense to the murder counts. The record contains proof upon which the jury could have relied that during the course of these criminal events, defendant stuffed a sock in the female victim's mouth, tied her feet with cloth tape and held one of her hands while his codefendant bound her hands together. From that evidence, a rational trier of fact could have found that defendant failed to prove by a preponderance of the evidence the essential elements of the affirmative defense, i.e., that he neither aided nor importuned the homicidal act (cf., People v Shedrick, 106 AD2d 895, affd 66 NY2d 1015, rearg denied 67 NY2d 758).

We have reviewed the other issues raised by defendant pro se and by appellate counsel, and find them to be without merit. (Appeal from judgment of Chautauqua County Court, Adams, J.—murder, second degree, and other offenses.) Present—Dillon, P. J., Callahan, Boomer, Balio and Davis, JJ.