■ The People of the State of New York, Respondent, v John R. Holder, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of first and second degree robbery and fourth degree criminal possession of stolen property, defendant raises a number of contentions, none of which has merit. The evidence is sufficient to support the first degree robbery conviction. The knife brandished by the accomplice was a "dangerous instrument", i.e., an instrument which, under the circumstances in which it was used, was readily capable of causing death or serious physical injury (see, Penal Law § 10.00 [13]; cf., People v Galvin, 65 NY2d 761; People v Carter, 53 NY2d 113; People v Cwikla, 46 NY2d 434).

The evidence was sufficient to support the conviction of second degree robbery, in particular, to show that defendant's accomplice forcibly stole property while aided by defendant, who was actually present. That defendant was one of two participants was established by the following: two sets of footprints led away from the gas station to the getaway car; the victim heard one robber say, "Let's get out of here"; and defendant was in possession of the proceeds immediately following the robbery and made many inculpatory statements.

The acquittal of defendant on the charge of fourth degree criminal possession of a weapon was not repugnant to his conviction for first degree robbery. As charged by the court (People v Tucker, 55 NY2d 1, 6-7), criminal possession of a weapon in the fourth degree contains an intent element that first degree robbery does not (see, Penal Law § 265.01 [2]; § 160.15 [3]).

The evidence is also sufficient to establish defendant's culpable intent and participation in the robbery. Three years before the robbery, defendant had repeatedly and specifically mentioned robbing the gas station. Defendant had been in the gas station earlier on the evening of the robbery, at which time he asked the victim if he were alone. Immediately after the

robbery, defendant was observed with his accomplice counting the money. Finally, defendant made a number of statements in which he variously admitted advance knowledge of the robbery, active participation in it, and possession of the proceeds.

Finally, defendant was not deprived of effective assistance of counsel. Lack of "meaningful representation" *(People v Baldi,* 54 NY2d 137, 147) is not established by the fact that defendant may have had second thoughts about his decision not to take the stand. We also disagree with defendant's assertion that counsel put on no defense. Finally, contrary to defendant's contention, trial counsel did object to the testimony of defendant's ex-wife, and in any event that testimony was properly admitted. (Appeal from Judgment of Jefferson County Court, Clary, J.—Robbery, 1st Degree.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.