■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN McLEAN, Appellant. [640 NYS2d 265] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered November 19, 1993, convicting him of

murder in the second degree, attempted murder in the second degree, robbery in the first degree, assault in the first degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a statement made by him and identification testimony.

Ordered that the judgment is affirmed.

According great weight to the determination of the hearing court (*see, People v Prochilo,* 41 NY2d 759, 761; *People v Norris,* 122 AD2d 82, 83), which found the People's witnesses more credible than those produced by the defendant, we find that the record supports the conclusions that the defendant voluntarily accompanied the police to the precinct, consented to having his photograph taken, and made an oral inculpatory statement after having knowingly and voluntarily waived his Miranda rights (*see, Miranda v Arizona,* 384 US 436).

Review of the trial record also establishes that the court properly permitted the People to impeach the credibility of defense witness Garfield Wright by the use of a prior inconsistent statement, namely, a videotaped statement he had given the police. Wright, the admitted accomplice of the defendant, who had been convicted, upon his plea of guilty, of crimes charged herein, had retracted on the witness stand his prior statements that he and the defendant were involved in the instant shooting, and instead had rendered testimony identifying a different accomplice. A proper foundation had been laid for the impeachment of this witness by this method (*see, People v Duncan,* 46 NY2d 74, 80-81, *cert denied* 442 US 910; *see also,* Prince, Richardson on Evidence § 6-411 [Farrell 11th ed]).

The court's jury instructions to the effect that prior inconsistent statements were to be used only in the evaluation of the witness's credibility were proper and sufficient to apprise the jury as to the use of a videotaped statement (*see,* 1 CJI [NY] 7.22, at 304).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.