■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY SANTIAGO, Appellant. [645 NYS2d 813]

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant contends that the People's main witness, because of his criminal history and involvement with illegal drugs, should not have been believed by the jury. In addition, the defendant points to numerous inconsistencies and contradictions in the testimony of the prosecution witness. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should

not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We reject the defendant's contention that the imposition of consecutive sentences with respect to some of the offenses was error. The crimes of which he was convicted did not constitute a single incident but consisted of three distinct and disparate sets of acts which were committed against different individuals *(see, People v Almodovar,* 62 NY2d 126, 130; *People v Glass,* 179 AD2d 774). Accordingly, the imposition of the challenged consecutive sentences was permissible *(see, People v Day,* 73 NY2d 208).

The defendant's remaining contentions are either unpreserved for appellate review *(see, People v Alfaro,* 66 NY2d 985; *People v Miles,* 198 AD2d 445) or without merit. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.