OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Following a jury trial, defendant was convicted of felony murder, two counts of first degree robbery, and one count of criminal possession of a weapon in the second degree. The indictment arose out of a robbery of two men in a parked car by defendant and other unapprehended persons, during which one of the men in the car was fatally shot. His conviction having been affirmed by the Appellate Division (225 AD2d 805), defendant argues before this Court that certain aspects of the trial court’s charge to the jury warrant reversal.
 

 At trial, defendant objected to the court’s instruction during the charge to the jury that the trial of this indictment was "a search for the truth.” Reviewing this statement in the context of the jury instructions in their entirety, there is no basis for concluding that the proper burden of proof upon the People was undermined or less than adequately conveyed (see,
 
 People v Coleman,
 
 70 NY2d 817, 819). Moreover, to the extent defendant’s present claim relates to the cumulative effect of additional references to the jury’s task as a search for the truth in connection with the instructions on the credibility of witnesses, it is unpreserved for this Court’s review, no objection to the charge on that ground having been raised before the trial court.
 

 Nor, under the circumstances of this case, was it error for the trial court to refuse to instruct the jury that mere presence at the scene of the crime or association with the perpetrators is insufficient to establish criminal liability, since no reasonable view of the evidence supported such a charge. Moreover, defendant’s concern that without the requested charge the jury might have found him guilty of felony murder and robbery under a theory of accessorial liability without finding that he shared the requisite intent to commit robbery was obviated by the court’s recitation of Penal Law § 20.00, including the statement that acting in concert liability requires acting with the mental culpability required for the commission of the crime charged.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 
 *852
 
 Order affirmed in a memorandum.