■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARION CARTER, Appellant. [741 NYS2d 546] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered November 30, 1999, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Following the proper administration of *Miranda* warnings (*see Miranda v Arizona,* 384 US 436), the defendant waived his rights and made an exculpatory statement concerning his involvement in the shooting of the victim. Several hours later, after the police reminded him of his right to remain silent, the defendant again agreed to speak and made an inculpatory statement about his participation in the shooting.

Contrary to the defendant's contention on appeal, the hearing court properly found that the defendant's second statement followed the proper administration of *Miranda* warnings, which he knowingly and voluntarily waived (*see People v Nunez,* 80 NY2d 858; *People v Bastidas,* 67 NY2d 1006; *People v Marcano,* 260 AD2d 406; *People v Nisbett,* 225 AD2d 801, 802; *People v Abreu,* 184 AD2d 707).

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Contes,* 60 NY2d 620). The defendant knew the shooter's plan, and he and the shooter rode to the scene together. After the shooting, the defendant accepted the murder weapon from the shooter and secreted it on his body, and they then left the scene together. These facts established the "community of purpose" necessary for a finding of accessorial liability (*People v Cabey,* 85 NY2d 417, 421; *see People v Allah,* 71 NY2d 830; *People v Coulter,* 240 AD2d 756; *People v McNeil,* 228 AD2d 620, 621).

The trial court's charge to the jury regarding intent for accessorial liability sufficiently conveyed the proper legal standard, especially since it was accompanied by the language of Penal Law § 20.00 (*see People v Slacks,* 90 NY2d 850, 851; *People v Gonzalez,* 279 AD2d 637).

The denial of the defendant's request, on the day his trial was scheduled to begin, for an adjournment to allow newly-retained counsel to prepare for trial was a proper exercise of the trial court's discretion (*see People v Wright,* 287 AD2d 526; *People v Wicker,* 229 AD2d 602). Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.