■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY LEACH, Appellant. [741 NYS2d 443] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered November 8, 1999, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his two cousins severely assaulted the victim. The victim died from a gunshot wound inflicted by one of the defendant's cousins.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that, although the defendant did not shoot the victim, he "possessed the requisite mental culpability to sustain the conviction against him for manslaughter in the first degree" (*People v Bailey,* 156 AD2d 454, 455; *see People v Modesto,* 262 AD2d 586; *People v Ravnell,* 199 AD2d 546; *People v Herring,* 149 AD2d 731, 734). The criminal history of and alcohol abuse by the People's main witness merely raised credibility issues for the trier of fact (*see People v Santiago,* 228 AD2d 706; *People v*

*Hatchett,* 225 AD2d 634; *People v Ragin,* 224 AD2d 642; *People v Taylor,* 162 AD2d 741, 742; *People v Hughes,* 138 AD2d 523, 524-525). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The trial court's charge, essentially quoting Penal Law § 20.00, properly instructed the jury on the standard for accessorial liability (*see People v Slacks,* 90 NY2d 850, 851; *People v Compitiello,* 118 AD2d 720). Since the court sufficiently explained the applicable legal principles to the jury, it was not bound to charge the jury as defense counsel proposed (*see generally People v Gonzalez,* 279 AD2d 637; *People v Maldonado,* 127 AD2d 855). Ritter, J.P., Altman, Adams and Crane, JJ., concur.