■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JACKSON, Appellant. [776 NYS2d 886]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered April 4, 2001, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Flaherty, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identification procedure was not unduly suggestive (*see People v Ponce de Leon,* 291 AD2d 415 [2002]; *People v Serrano,* 219 AD2d 508, 509 [1995]; *People v Yearwood,* 197 AD2d 554 [1993]).

The court providently exercised its discretion in denying the defendant's request to call the complaining witness to testify at the pretrial hearing, since no substantial issues as to the constitutionality of the identification were raised, the People's evidence was not notably incomplete, and the defendant did not otherwise establish a need for the witness's testimony (*see People v Scott,* 290 AD2d 522 [2002]; *People v Padilla,* 219 AD2d 688 [1995]).

Under the circumstances presented, the court properly refused to excuse two prospective jurors for cause, as both indicated that they would be able to follow the law as provided by the court (*see People v Rudolph,* 266 AD2d 568, 568-569 [1999]; *People v Archer,* 210 AD2d 241 [1994]; *People v Lee,* 193 AD2d 759, 760 [1993]).

Since the defendant failed to join in or adopt his jointly-tried codefendant's objection with respect to the court's charge to the jury on accomplice liability, and did not raise his own objection, the defendant failed to preserve his claim regarding any alleged error in this part of the court's charge to the jury (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Buckley,* 75 NY2d 843 [1990]). In any event, upon reviewing the court's charge as a whole, it sufficiently conveyed to the jury the principles and applicability of accomplice liability (*see People v Slacks,* 90 NY2d 850 [1997]; *People v Andujas,* 79 NY2d 113, 118 [1992]; *People v Leach,* 293 AD2d 760, 761 [2002]). Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.