■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEED CLANTON, Appellant. [796 NYS2d 795]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered December 17, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]), defendant contends that Supreme Court erred in failing to conduct a proper inquiry of the jury to determine whether the alleged misconduct of one juror affected the remaining jurors. Defendant failed to preserve his contention for our review (*see People v Albert*, 85 NY2d 851, 852 [1995]), and we decline to exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the contention of defendant in the pro se supplemental brief that the verdict is repugnant insofar as he was acquitted of robbery in the first degree (Penal Law § 160.15 [2]) and convicted of criminal possession of a weapon in the second degree. As the court properly instructed the jury, the crime of robbery in the first degree contains elements that are not present in the crime of criminal possession of a weapon in the second

degree (*see generally People v Tucker*, 55 NY2d 1, 6-8 [1981], *rearg denied* 55 NY2d 1039 [1982]; *People v Holder*, 177 AD2d 979 [1991], *lv denied* 79 NY2d 1050 [1992]). Thus, the jury, "as instructed, [did not reach] an inherently self-contradictory verdict" (*Tucker*, 55 NY2d at 8).

The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.