■ The People of the State of New York, Respondent, v Juan Delphin, Appellant. [812 NYS2d 552]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered November 8, 2001, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the prosecutor's remarks in summation "could not have been interpreted by the jury as an instruction on the law, since the prosecutor had previously stated that the Judge would instruct them on the law," and because the court repeatedly advised the jurors that it would instruct them on the law (*People v Rosenblitt*, 198 AD2d 382, 383 [1993]).

The Supreme Court's charge as a whole conveyed the proper standard concerning accessorial liability, especially because it included the language of Penal Law § 20.00 (*see People v Carranza*, 18 AD3d 667, 668 [2005], *lv denied* 5 NY3d 827 [2005]; *People v Jackson*, 7 AD3d 813, 814 [2004]; *People v Mejias*, 296 AD2d 583, 584 [2002]; *People v Leach*, 293 AD2d 760, 761 [2002]; *People v Carter*, 293 AD2d 484, 485 [2002]). The court

did not commit reversible error in declining to include the defense counsel's proposed charge (*see People v Leach, supra* at 761; *People v Gonzalez,* 279 AD2d 637 [2001]).

The defendant's remaining contention is unpreserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction. H. Miller, J.P., Goldstein, Luciano and Covello, JJ., concur.