■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM BROXTON, Appellant. [823 NYS2d 533]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered January 19, 2000, convicting him of murder in the second degree, reckless endangerment in the first degree, attempted murder in the second degree, assault in the first degree (five counts), and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In determining the fairness and propriety of a trial court's charge to a jury, the test is whether the jury, hearing the whole

charge, would gather from its language the correct rules which should be applied in arriving at a decision (*see People v Russell,* 266 NY 147, 153 [1934]; *cf. People v Lauderdale,* 295 AD2d 539 [2002]). Contrary to the defendant's contention, the trial court's charge, essentially quoting Penal Law § 20.00, properly instructed the jury on the standard for accessorial liability (*see People v Slacks,* 90 NY2d 850 [1997]; *People v Delphin,* 26 AD3d 343 [2006]; *People v Leach,* 293 AD2d 760, 761 [2002]). Furthermore, the evidence elicited at trial supported the trial court's incorporation of the "zone of danger" principles enunciated in *People v Russell* (91 NY2d 280, 288-289 [1998]), into its charge on accessorial liability.

There is no merit to the defendant's contention that the trial court gave insufficient instructions to the jury by failing to highlight a particular prosecution witness's purported prior inconsistent statement to the police. The instruction that the prior inconsistent statement was to be used only in the evaluation of the witness's credibility was proper and sufficiently apprised the jury as to the use of the particular witness's prior statement to the police (*see People v Forte,* 123 AD2d 641 [1986]; *see also People v Saunders,* 64 NY2d 665, 667 [1984]; *People v McLean,* 226 AD2d 396 [1996]).

In any event, any error in the trial court's charge to the jury was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]). Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.