■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY L. MARTINEZ, Appellant. [828 NYS2d 828]—Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered November 26, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [4]). Contrary to the contention of defendant, the first County Court Judge who presided over his case did not abuse her discretion in denying his request for an adjournment of the trial and, likewise, the second County Court Judge who replaced the first when she became unavailable did not abuse his discretion in refusing to grant an adjournment of the trial (*see generally People v McNear*, 265 AD2d 810, 810-811 [1999], *lv denied* 94 NY2d 864 [1999]). Contrary to the further contention of defendant, the jury charge "conveyed the proper standard concerning accessorial liability, especially because it included the language of Penal Law § 20.00" (*People v Delphin*, 26 AD3d 343, 343 [2006], *lv denied* 6 NY3d 893 [2006]). Thus,

County Court (Keenan, J.) "did not commit reversible error in declining to include . . . defense counsel's proposed charge" (*id.* at 344; *see People v Leach*, 293 AD2d 760, 761 [2002], *lv denied* 98 NY2d 677 [2002]; *People v Gonzalez*, 279 AD2d 637 [2001], *lv denied* 96 AD2d 800 [1983]). We reject defendant's contention that the verdict is against the weight of the evidence. Affording the jury's determination the deference to which it is entitled (*see People v Johnson*, 166 AD2d 893 [1990], *lv denied* 77 NY2d 839 [1991]), we cannot say that the jury failed to give the evidence the weight it should be accorded on the issue of defendant's accessorial liability for the stabbing of the victim (*see People v Seabrooks*, 289 AD2d 515 [2001], *lv denied* 98 NY2d 640 [2002]; *People v Gonzalez*, 265 AD2d 341 [1999], *lv denied* 94 NY2d 823 [1999]; *cf. People v Kane*, 87 AD2d 578 [1982]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of assault in the second degree under Penal Law § 120.05 (1), and it must therefore be amended to reflect that he was convicted under Penal Law § 120.05 (4) (*see People v Saxton*, 32 AD3d 1286 [2006]; *People v Benson*, 265 AD2d 814, 816 [1999], *lv denied* 94 NY2d 860 [1999], *cert denied* 529 US 1076 [2000]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.