■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BLUE, Appellant. [831 NYS2d 792]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 22, 2005. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Orleans County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]). Defendant contends that the evidence at the probation violation hearing is insufficient to support the determination that he violated the conditions of his probation because the People failed to establish by a preponderance of the evidence that he failed to report to his probation officer. We reject defendant's contention. The People presented uncontroverted evidence that defendant missed several appointments with his probation officer and did not offer a reasonable explanation for missing those appointments (*see generally* CPL 410.70 [3]; *People v Misita* [appeal No. 1], 26 AD3d 815 [2006], *lv denied* 6 NY3d 836 [2006]).

We agree with defendant, however, that there is an error with respect to his sentence. Although defendant is designated as a violent felony offender on each sentence and commitment with respect to both the underlying plea and the violation of probation, they each indicate that he was convicted of attempted

criminal possession of a weapon under Penal Law § 265.02 (1), a nonviolent felony offense (*see* § 70.02 [1] [d]). We note that the certificate of conviction for that underlying conviction is not included in the record on appeal. County Court imposed an indeterminate term of imprisonment of $1^1/_3$ to 4 years, which sentence may properly be imposed for either a nonviolent or a violent class E felony offense (*see* § 70.00 [2], [3]; § 70.02 [2] [c] [i], [ii]). We are unable to determine on the record before us whether the designation of defendant as a violent felony offender on each sentence and commitment is merely a clerical error (*see People v Martinez*, 37 AD3d 1099 [2007]), whether the court improperly designated defendant as a violent felony offender and sentenced him accordingly, or whether defendant was in fact convicted of attempted criminal possession of a weapon as a violent felony and each sentence and commitment contains a clerical error with respect to the subdivision of that offense (*see* § 70.02 [1] [d]). We therefore hold the case, reserve decision and remit the matter to County Court to determine whether the errors are clerical in nature or whether defendant was improperly sentenced as a violent felony offender. Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.