█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CORREA, Appellant. [900 NYS2d 446]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered January 15, 2009, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, endangering the welfare of a child, resisting arrest, and criminal trespass in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People presented legally sufficient evidence that he committed the crimes of grand

larceny in the fourth degree and criminal possession of stolen property in the fourth degree (*see People v Giordano*, 50 AD3d 467, 468 [2008]; *People v Trilli*, 27 AD3d 349, 349-350 [2006]; *People v Vanderhall*, 168 AD2d 655, 655 [1990]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court did not err in denying the defendant's request for an additional instruction not found in the pattern jury instructions regarding the meaning of "market value." The Supreme Court's charge adequately conveyed to the jury that the value of the property at issue was the market value of the items at the time and place of the crime. The instructions in this regard tracked the relevant statutory language and the pattern jury instructions (*see* Penal Law § 165.45 [1]; § 155.30 [1]; CJI2d[NY] Penal Law § 165.45 [1]; § 155.30 [1]) and conveyed a correct definition of market value (*see People v Irrizari*, 5 NY2d 142, 145 [1959]). Nor was it necessary for the Supreme Court, in essence, to marshal the facts so as to elucidate the defense theory, where as here, the issues were simple and the defendant's position was made clear to the jury in defense counsel's summation (*see People v Turton*, 221 AD2d 671 [1995]; *People v Bacchus*, 183 AD2d 720 [1992]). The Supreme Court's charge correctly recited the statutory elements of the crime and stated the correct rules to be applied (*see People v Russell*, 266 NY 147, 153 [1934]; *People v Broxton*, 34 AD3d 490, 490, 491 [2006]). Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.