# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1066**
**KA 06-01663**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

EDWIN PEREZ, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, A.J.), rendered April 5, 2006. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant failed to preserve for our review his challenge to the alleged legal insufficiency of the evidence because he failed to move for a trial order of dismissal on the specific ground now raised (*see People v Carncross*, 14 NY3d 319, 324-325; *People v Gray*, 86 NY2d 10, 19). In any event, defendant's challenge lacks merit. Defendant was charged as an accessory in connection with the stabbing of two victims. One of the victims survived the assault but sustained serious injuries, and the other victim later died (hereafter, decedent). Defendant was acquitted of assault with respect to the surviving victim and was convicted as an accomplice with respect to decedent. The evidence at trial establishes, and defendant concedes, that he received a cut on his hand during the altercation. The evidence further establishes that the codefendant repeatedly stabbed decedent, and that defendant assisted the codefendant by holding decedent while the codefendant attacked him. Inasmuch as there is no evidence that defendant took any part in the attack upon the surviving victim, the jury could therefore have concluded that defendant received the cut by holding decedent while the codefendant stabbed him. Consequently, the evidence is legally sufficient to establish defendant's guilt of manslaughter in the first degree (*see People v Rutledge*, 70 AD3d 1368, *lv denied* 15 NY3d 777; *People v Borgos*, 168 AD2d 628, *lv denied* 77 NY2d 958; *see generally People v Medina*, 276 AD2d 367, *lv denied* 96 NY2d 737). Furthermore,

because there is no merit to defendant's challenge to the legal sufficiency of the evidence, there also is no merit to defendant's contention that defense counsel was ineffective in failing to raise that challenge (*see e.g. People v Dozier*, 32 AD3d 1346, 1347, *lv dismissed* 8 NY3d 880; *People v Lascelle*, 23 AD3d 1137, 1139, *lv denied* 6 NY3d 755).  Viewing the evidence in light of the elements of the crime of manslaughter as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

"Because defendant failed to request an instruction [that the jury must acquit him of manslaughter if it convicted the codefendant of murder] or object to the charge as given [on that ground], defendant also failed to preserve for our review his further contention that [County Court (Sirkin, J.), who presided over the trial,] erred in failing to instruct the jury" to that effect (*People v Youngblood*, 261 AD2d 960, *lv denied* 93 NY2d 1029).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Although defendant requested a charge that he must have intended that the codefendant cause serious injury to decedent and, thus, contrary to the People's contention, he preserved for our review his further contention concerning shared intent both with respect to the court's initial and supplemental charges on the issue (*see People v Edwards*, 23 AD3d 1140, 1141; *see also People v Rivera*, 77 AD3d 483), we conclude that his contention is without merit.  "[D]efendant's concern that without the requested charge the jury might have found him guilty . . . under a theory of accessorial liability without finding that he shared the requisite intent to [cause serious physical injury] was obviated by the court's recitation of Penal Law § 20.00, including the statement that acting in concert liability requires acting with the mental culpability required for the commission of the crime charged" (*People v Slacks*, 90 NY2d 850, 851).  Therefore, because "the court sufficiently explained the applicable legal principles to the jury, it was not bound to charge the jury as defense counsel proposed" (*People v Leach*, 293 AD2d 760, 761, *lv denied* 98 NY2d 677).

Defendant further contends that his case was improperly transferred between Supreme Court and County Court in Monroe County for various purposes because there are no transfer orders in the record (*see generally* 22 NYCRR 200.14).  Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject defendant's contention that the alleged transfer error constitutes a mode of proceedings error such that preservation is not required (*see People v Ott*, 83 AD3d 1495, *lv denied* 17 NY3d 808; *see generally People v Wilson*, 14 NY3d 895).

Contrary to the further contention of defendant, County Court (Sirkin, J.) did not violate Judiciary Law § 21 by allegedly issuing a decision on defendant's suppression motion at trial without hearing the evidence in support of the motion.  The record establishes that

County Court (Lindley, A.J.) presided over the *Wade* hearing and expressly denied the suppression motion, and that Judge Sirkin at trial merely clarified for the record that the motion had been denied. Defendant failed to preserve for our review his further contention that Judge Lindley failed to comply with CPL 710.60 (6) by setting forth the reasons for his denial of the suppression motion (*see People v Battle*, 202 AD2d 1045, 1046, *lv denied* 83 NY2d 908; *People v Hunt*, 187 AD2d 981, 982, *lv denied* 81 NY2d 887), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's contention, the sentence is not unduly harsh or severe. Finally, we have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court