# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

708

KA 10-01794

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ANDRES P. GUTIERREZ, DEFENDANT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 9, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]). Defendant failed to preserve for our review his contention that the integrity of the grand jury proceeding was impaired pursuant to CPL 210.35 (5) inasmuch as he did not move to dismiss the indictment on that ground (*see People v West*, 4 AD3d 791, 792-793; *see also People v Workman*, 277 AD2d 1029, 1031, *lv denied* 96 NY2d 764; *People v Volious*, 244 AD2d 871, 872, *lv denied* 93 NY2d 1029). In any event, we conclude that the prosecutor's questioning of defendant before the grand jury was not improper.

We reject defendant's further contention that County Court erred in refusing to suppress his statements to the police. The record reflects that defendant was not given " 'false legal advice' " by the police (*People v Salgado*, 130 AD2d 960, 961, *lv denied* 70 NY2d 754). "Even assuming, arguendo, that the police misled defendant, we conclude that such deception did not create a substantial risk that the defendant might *falsely* incriminate himself" (*People v Alexander*, 51 AD3d 1380, 1382, *lv denied* 11 NY3d 733 [internal quotation marks omitted and emphasis added]), nor can it be said that the alleged deception was " 'so fundamentally unfair as to deny [defendant] due process' " (*People v Brown*, 39 AD3d 886, 887, *lv denied* 9 NY3d 873, quoting *People v Tarsia*, 50 NY2d 1, 11).

Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to the alleged absence of corroboration of the accomplice testimony, inasmuch as he failed to renew his motion for a trial order of dismissal on that ground after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we conclude that defendant's contention lacks merit. The People presented sufficient corroborative evidence connecting defendant to the commission of the robbery (*see People v Reome*, 15 NY3d 188, 191-192). Defendant likewise failed to preserve for our review his contention that the evidence is legally insufficient to establish that he participated in the robbery inasmuch as he failed to move for a trial order of dismissal on that ground (*see People v Gray*, 86 NY2d 10, 19; *People v Washington*, 89 AD3d 1516, 1517, *lv denied* 18 NY3d 963). In any event, that contention lacks merit as well (*see generally People v Bleakley*, 69 NY2d 490, 495). We reject defendant's contention that the court erred in refusing to use his proposed language in charging the jury with respect to the issue of accessorial liability (*see People v Leach*, 293 AD2d 760, 761, *lv denied* 98 NY2d 677; *People v Gonzalez*, 279 AD2d 637, *lv denied* 96 NY2d 800), and we conclude that the court's charge on that issue was proper (*see* Penal Law § 20.00; *People v Perez*, 89 AD3d 1393, 1394-1395, *lv denied* 18 NY3d 961; *People v Delphin*, 26 AD3d 343, 343-344, *lv denied* 6 NY3d 893).

Finally, defendant contends that he was denied a fair trial by prosecutorial misconduct on summation. He failed to preserve that contention for our review (*see* CPL 470.05 [2]; *People v Wallace*, 59 AD3d 1069, 1070-1071, *lv denied* 12 NY3d 861), and in any event it has no merit. Contrary to defendant's contention, "[t]he majority of the comments in question were within the broad bounds of rhetorical comment permissible during summations . . ., and they were either a fair response to defense counsel's summation or fair comment on the evidence . . . Even assuming, arguendo, that some of the prosecutor's comments were beyond those bounds, we conclude that they were not so egregious as to deprive defendant of a fair trial" (*People v McEathron*, 86 AD3d 915, 916 [internal quotation marks omitted]).

Entered: June 8, 2012                                    Frances E. Cafarell
                                                        Clerk of the Court