In related juvenile delinquency proceedings pursuant to Family Court Act article 3, Jerry J.-B appeals from an order of fact-finding and disposition of the Family Court, Rockland County (Eisenpress, J.), dated December 7, 2012, which, after fact-finding and dispositional hearings, found that he committed acts which, if committed by an adult, would have constituted the crimes of attempted rape in the first degree, sexual abuse in the first degree, and criminal sexual act in the first degree (four counts), adjudged him to be a juvenile delinquent, and placed him with the New York State Office of Children and Family Services for a period of 18 months, with placement in a limited secure facility for a minimum period of six months. The appeal brings up for review the denial, after a hearing, of the appellant’s motion to suppress statements he made to law enforcement officials.
Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
At a Huntley hearing (see People v Huntley, 15 NY2d 72 *1043 [1965] ), a police detective testified that he advised the appellant of his Miranda rights (see Miranda v Arizona, 384 US 436 [1966] ) in the presence of his mother, and that the appellant and his mother indicated, both orally and in writing, that they understood these rights (see Matter of Michael L., 285 AD2d 466 [2001]). Contrary to the appellant’s contention, his statements to the detective were voluntarily made after his Miranda rights were knowingly and intelligently waived (see Family Ct Act § 305.2 [3], [7]). The appellant’s contention that his statements were involuntary because the Miranda rights given to his mother were not in her native Creole language is not supported by the record, since neither the appellant nor his mother testified at the Huntley hearing, and his father, who did testify, made no reference to the mother’s inability to comprehend English.
The Family Court properly granted the presentment agency’s motion to preclude the appellant from inquiring into the complainant’s claimed prior sexual abuse and self-injurious behavior (see Family Ct Act § 344.4; Matter of Dakota EE., 209 AD2d 782, 783-784 [1994]; see also People v Middlebrooks, 300 AD2d 1142 [2002]; People v Byers, 254 AD2d 494 [1998]).
The appellant’s argument that the testimony of certain witnesses did not qualify under the prompt outcry exception to the hearsay rule (see People v McDaniel, 81 NY2d 10, 16 [1993]) is unpreserved for appellate review, since the appellant never objected and cannot derive any benefits from any objections made by the co-respondents (see People v Buckley, 75 NY2d 843, 846 [1990]; People v Burch, 188 AD2d 479, 480 [1992]; People v Jackson, 7 AD3d 813, 814 [2004]). We decline to review the issue pursuant to our interest of justice jurisdiction.
The appellant’s remaining contentions are without merit. Balkin, J.E, Dickerson, Roman and Miller, JJ., concur.