# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1331**
**KA 13-00183**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANDREW T. SPEARS, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered January 23, 2013. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]). The charge stemmed from an incident in which defendant stole money and cell phones from the victim and struck the victim in the head with a firearm.

Defendant contends that the conviction is not supported by legally sufficient evidence because the People failed to prove that the firearm was loaded, and because an unloaded firearm does not constitute a "dangerous instrument" within the meaning of Penal Law § 160.15 (3). Defendant failed to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19). In any event, the contention lacks merit inasmuch as we previously have determined that a "gun . . . used as a bludgeon" is a dangerous instrument (*People v Wooden*, 275 AD2d 935, 935, *lv denied* 96 NY2d 740; *see* § 10.00 [13]). Moreover, viewing the evidence in the light most favorable to the People, we conclude that " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of [robbery in the first degree] proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349).

Defendant's related contention that his failure to preserve the above sufficiency contention should be excused because he was denied effective assistance of counsel is raised for the first time in his reply brief and is therefore not properly before us (*see Matter of*

*Sedita v Sacha*, 99 AD3d 1259, 1260). In any event, we note that defense counsel's alleged failure to preserve a meritless issue for our review does not constitute ineffective assistance of counsel (*see People v Stachnik*, 101 AD3d 1590, 1591, *lv denied* 20 NY3d 1104).

Defendant contends that his conviction is against the weight of the evidence because, inter alia, there was no evidence that he used an operable and loaded firearm, and because some of the People's witnesses were not credible. As we note above, the People were not required to prove that the firearm was operable or loaded in order to prove the dangerous instrument element of the crime (*see Wooden*, 275 AD2d at 935), and we see no reason to disturb the jury's credibility determinations (*see People v Curry*, 82 AD3d 1650, 1651, *lv denied* 17 NY3d 805; *People v Gritzke*, 292 AD2d 805, 805-806, *lv denied* 98 NY2d 697). Viewing the evidence in light of the elements of the crime as charged to the jury (*see Danielson*, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that the verdict is repugnant inasmuch as he failed to object to the alleged repugnancy of the verdict before the jury was discharged (*see People v Ali*, 89 AD3d 1417, 1420, *lv denied* 18 NY3d 922; *see also People v Lurcock*, 219 AD2d 797, 798, *lv denied* 88 NY2d 881). In any event, we conclude that the contention lacks merit (*see People v Tucker*, 55 NY2d 1, 7, *rearg denied* 55 NY2d 1039; *People v McLaurin*, 50 AD3d 1515, 1516; *see also People v Clanton*, 19 AD3d 1035, 1035-1036, *lv denied* 5 NY3d 804).

The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are either unpreserved or lacking in merit.

Entered: February 6, 2015                          Frances E. Cafarell
                                                   Clerk of the Court