**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**445**
**KA 15-00535**
PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

ROBERT G. CASE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (AMBER L. KERLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered March 16, 2015. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, assault in the second degree, strangulation in the second degree and unlawful imprisonment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and as a matter of discretion in the interest of justice, a new trial is granted on the first and sixth counts of the indictment, the fourth count is dismissed, and the fifth count is dismissed without prejudice to the People to re-present any appropriate charges under that count to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]), assault in the second degree ([felony assault] § 120.05 [6]), strangulation in the second degree (§ 121.12), and unlawful imprisonment in the first degree (§ 135.10), arising from allegations that he forcibly raped his estranged wife in the garage of their former marital residence. Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence because "his motion for a trial order of dismissal was not specifically directed at the grounds advanced on appeal" (*People v Wright*, 107 AD3d 1398, 1401, *lv denied* 23 NY3d 1026; *see People v Gray*, 86 NY2d 10, 19). We nevertheless exercise our power to review his challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We agree with defendant that the conviction of felony assault and strangulation is not supported by legally sufficient evidence with respect to the physical injury element (*see generally People v Bleakley*, 69 NY2d 490, 495). The evidence submitted by the People, i.e., that the victim sustained minor pain, a one-centimeter bruise on

her arm, and a swollen neck, is insufficient to establish either physical impairment or substantial pain (*see* Penal Law § 10.00 [9]; *People v Coleman*, 134 AD3d 1555, 1555-1556, *lv denied* 27 NY3d 963; *Matter of Antonio J.*, 129 AD2d 988, 988; *cf. People v Delaney*, 138 AD3d 1420, 1421, *lv denied* 28 NY3d 928).  Consequently, the felony assault count must be dismissed.  With respect to the strangulation count, we conclude that the evidence is legally sufficient to support a conviction of the lesser included offense of criminal obstruction of breathing or blood circulation (Penal Law § 121.11).  Because there must be a new trial for the reasons discussed below, however, count five of the indictment charging defendant with strangulation in the second degree is dismissed with leave to the People to re-present any appropriate charges under that count to another grand jury (*see generally People v Gonzalez*, 61 NY2d 633, 635).

Contrary to defendant's further contention, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support the conviction of rape and unlawful imprisonment (*see generally Bleakley*, 69 NY2d at 495).  Furthermore, viewing the evidence in light of the elements of the crimes of rape in the first degree and unlawful imprisonment as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to those crimes is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that the conviction of unlawful imprisonment must be dismissed based on the merger doctrine (*see People v Hanley*, 20 NY3d 601, 605-606).  In any event, that contention is without merit (*see People v Smith*, 47 NY2d 83, 87).

Defendant contends that County Court erred in precluding him from introducing evidence that the victim had previously said, in effect, that she would accuse defendant of rape in order to obtain a divorce from him.  Defendant contends that the court further erred in striking the testimony of a witness regarding that statement.  Any error in precluding that evidence and striking that testimony is harmless because "the precluded testimony was essentially cumulative of other evidence presented at trial . . . , and . . . defendant was provided a meaningful opportunity to present a complete defense" (*People v Ramsey*, 59 AD3d 1046, 1048, *lv denied* 12 NY3d 858 [internal quotation marks omitted]; *see People v Davis*, 111 AD3d 1302, 1304, *lv denied* 22 NY3d 1137; *see also People v Herring*, 225 AD2d 1065, 1066, *lv denied* 88 NY2d 937).  Defendant's contention that he was denied effective assistance of counsel by his attorney's failure to object or seek other corrective action with respect to those alleged errors "is raised for the first time in his reply brief and therefore is not properly before us" (*People v Sponburgh*, 61 AD3d 1415, 1416, *lv denied* 12 NY3d 929; *see People v Spears*, 125 AD3d 1400, 1400, *lv denied* 25 NY3d 1172).

We reject defendant's contention that the court erred in denying

his motion to discharge a sworn juror.  During the trial, that juror indicated to a court officer that a courtroom spectator seated near the defense table had befriended the juror on social media, and was attempting to contact the juror.  The juror concluded that the spectator was attempting to contact him in order to persuade him to acquit defendant.  In order to discharge a sworn juror, the court "must be convinced that the juror's knowledge will prevent [him or] her from rendering an impartial verdict" (*People v Buford*, 69 NY2d 290, 299).  "On this record, we are unable to conclude that the court could have been 'convinced' . . . , based on any unequivocal responses of the juror, that the juror was 'grossly unqualified to serve in the case' " (*People v Telehany*, 302 AD2d 927, 928, quoting CPL 270.35 [1]; *cf. People v Maddox*, 175 AD2d 183, 183).

We agree with defendant, however, that the prosecutor engaged in misconduct on several occasions, and we reach defendant's unpreserved contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Here, the prosecutor engaged in misconduct during her closing statement by repeatedly appealing to the jury's sympathy, asking the jury to do justice and protect the victim by convicting defendant, bolstering the victim's credibility and injecting the prosecutor's personal opinions into the trial.  Perhaps most egregiously, in arguing that the jury should reject defendant's testimony that he confessed falsely to the police because he needed to use the bathroom, the prosecutor gave her personal opinion regarding defendant's credibility by stating that she would sit in her own urine rather than falsely admit that she committed a crime.  "We can only conclude herein that the prosecutor's 'inflammatory [comments had] a decided tendency to prejudice the jury against the defendant' " (*People v Ballerstein*, 52 AD3d 1192, 1194, quoting *People v Ashwal*, 39 NY2d 105, 110).  Consequently, we conclude that the cumulative effect of the prosecutorial misconduct, which substantially prejudiced defendant's rights (*see generally People v Calabria*, 94 NY2d 519, 523), requires reversal.

Furthermore, "[i]n light of the foregoing, we agree with defendant's related contention that he was denied effective assistance of counsel owing to defense counsel's failure to object to the prosecutor's misconduct during summation" (*People v Rozier*, 143 AD3d 1258, 1260, citing *People v Wright*, 25 NY3d 769, 780-783).  Defense counsel also failed to object when the prosecutor introduced evidence of prior bad acts despite having failed to seek a ruling regarding the admissibility thereof, most notably the testimony of a sheriff's deputy that, months before this incident, defendant stole the victim's truck and was arrested for driving it while intoxicated while on the way to attack a person with whom he believed the victim was having an affair.  Defense counsel also failed to object when the prosecutor cross-examined defendant regarding that issue.  Thus, reversal is also required because defense counsel was ineffective in "fail[ing] to object to prejudicial evidence of prior uncharged crimes and bad acts introduced by the prosecutor" (*People v Wiggins*, 213 AD2d 965, 965).

Contrary to defendant's further contention, however, the court did not err in refusing to suppress his statements to the police.

With respect to defendant's contention that he was too intoxicated to waive his rights, the record of the suppression hearing does not establish that, at the time he waived his *Miranda* rights, he was intoxicated " 'to the degree of mania, or of being unable to understand the meaning of his statements' " (*People v Schompert*, 19 NY2d 300, 305, *cert denied* 389 US 874; *see People v Beasley*, 147 AD3d 1549, 1550; *People v Peterkin*, 89 AD3d 1455, 1455, *lv denied* 18 NY3d 885).  With respect to defendant's further contention that the interrogating officers used leading questions that prompted him to waive his rights and undermined the voluntariness of the confession, "it cannot be said that the interrogation was fundamentally unfair or that it induced defendant falsely to incriminate himself" (*People v Salgado*, 130 AD2d 960, 961, *lv denied* 70 NY2d 754; *see generally People v Gutierrez*, 96 AD3d 1455, 1455, *lv denied* 19 NY3d 997). Finally, with respect to defendant's contention that his statements were involuntary because he was questioned over a two-hour period, it is axiomatic that the length of the interrogation period "does not, by itself, render the statement[s] involuntary" (*People v Weeks*, 15 AD3d 845, 847, *lv denied* 4 NY3d 892; *see People v Clark*, 139 AD3d 1368, 1369, *lv denied* 28 NY3d 928).  Here, viewing "the totality of the circumstances surrounding the interrogation" (*People v Knapp*, 124 AD3d 36, 41 [internal quotation marks omitted]), we conclude that "[t]he record of the suppression hearing supports the court's determination that defendant knowingly, voluntarily and intelligently waived his *Miranda* rights before making the statement[s]" (*People v Irvin*, 111 AD3d 1294, 1295, *lv denied* 24 NY3d 1044, *reconsideration denied* 26 NY3d 930; *see People v Holland*, 126 AD3d 1514, 1515, *lv denied* 25 NY3d 1165).

Defendant's further contentions are academic in light of our determination.

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court