People v Williams (2020 NY Slip Op 06817)





People v Williams


2020 NY Slip Op 06817


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-04798
 (Ind. No. 1316/16)

[*1]The People of the State of New York, respondent,
v
Jahmel C. Williams, appellant.


David A. Bart, Fresh Meadows, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Jessica Coalter of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered April 11, 2018, convicting him of criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of stolen property in the fourth degree. The trial evidence showed, inter alia, that the car the defendant was driving was stopped by the police and an open laundry bag containing several containers of over-the-counter medication stolen minutes earlier from a nearby pharmacy was recovered between the legs of a co-defendant seated in the front passenger seat.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the record (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contention is without merit (see People v Correa, 73 AD3d 942, 943).
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court