■ In the Matter of GREGORY NELSON, Respondent-Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant-Respondent, and RESIDENTIAL MANAGEMENT, INC., Intervenor-Appellant-Respondent. [945 NYS2d 249]—

Order and judgment (one paper), Supreme Court, New York County (Emily Jane Goodman, J.), entered July 12, 2010, which granted the petition brought pursuant to CPLR article 78 to the

extent of vacating the December 12, 2008 determination of respondent Division of Housing and Community Renewal (DHCR), and remanding the matter to DHCR to recalculate the maximum collectible rent on the grounds that DHCR arbitrarily and capriciously determined that the reductions for failure to provide security guard service did not constitute a deprivation of an essential service and arbitrarily and capriciously determined that a 1976 rent reduction for failure to maintain marble baseboards did not constitute a deprivation of an essential service and/or was restored, unanimously modified, on the law and the facts, to the extent of vacating the finding that DHCR arbitrarily and capriciously determined that the reductions for failure to provide security guard service did not constitute a deprivation of an essential service, and otherwise affirmed, without costs.

As a general principle, judicial review of an administrative determination is limited to a review of the record evidence and the court may not consider arguments or evidence not contained in the administrative record (*Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 151 [2002]; *see also Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 16 AD3d 72 [2005], *affd* 6 NY3d 104 [2005]). However, regardless of the arguments made, "rent reduction orders impose a continuing obligation on a landlord and . . . are in fact part of the rental history which DHCR must consider" (*Matter of Cintron v Calogero*, 15 NY3d 347, 356 [2010]).

While petitioner did not specifically argue the issue in the administrative proceeding, Supreme Court properly found that the rent history on the subject rent-controlled apartment, which was a part of the administrative record, evidenced a 1976 rent reduction for failure to maintain marble baseboards, and that pursuant to DHCR's Policy Statement 90-1 subsequent increases in rent could not be collected until that reduction was restored. Policy Statement 90-1, issued in 1990 for the purpose of clarifying 9 NYCRR 2202.3 (b) (2), provides in pertinent part: "Rent decrease orders for a failure to maintain services, currently in effect for rent controlled apartments, which do not distinguish between a failure to provide an essential or a nonessential service, bar the collectability of any subsequent MCR increase, until an order has been issued restoring the rent."

The 1976 rent reduction order did not distinguish between a failure to provide an essential or a nonessential service. Accordingly, unless there was a rent restoration order relating to the 1976 reduction, DHCR was required to find that subsequent rent increases were not collectible.

Even accepting that DHCR properly submitted an August 28, 1990 order in response to the petition, a review of that order reveals that it was issued in response to a tenant-initiated proceeding, alleging the failure to maintain various services. While the Rent Administrator (RA) found certain services to be maintained, including finding "marble in halls are clean," the order did not restore rent for the 1976 reduction regarding marble baseboards.

Thus, Supreme Court correctly concluded that DHCR acted arbitrarily and capriciously by ignoring the 1976 order, misreading the 1990 order and failing to properly administer its own rules (*see Matter of 370 Manhattan Ave. Co., L.L.C. v New York State Div. of Hous. & Community Renewal*, 11 AD3d 370, 372 [2004]).

However, the 2002 and 2005 orders regarding security service should not have been revisited by the court. In addition to the fact that petitioner did not raise any arguments regarding those orders in the administrative proceeding, those orders specifically determined that the failure to provide a security guard did not constitute a deprivation of an essential service, and petitioner did not challenge them directly with a petition for administrative review. Thus, the orders should have been given conclusive effect (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 499 [1984]). In addition, it is for the administrative agency to determine what constitutes an essential service and whether such services have been maintained (*Matter of 230 E. 52nd St. Assoc. v State Div. of Hous. & Community Renewal*, 131 AD2d 349 [1987]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.