12-2638-cv
Marcavage v. Syracuse Police Dep't

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                      <u>Chief Judge</u>,

        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - -X

MICHAEL MARCAVAGE and MICHAEL STOCKWELL,

        <u>Plaintiffs-Appellants</u>,

        -v.-                                 12-2638-cv

SYRACUSE POLICE DEPARTMENT, FRANK FOWLER, Chief of Police, in his official and individual capacities, JOSEPH CECILE, Deputy Chief of Police, in his official and individual capacities, RICHARD SHOFF, Lieutenant, in his official and individual capacities, MICHAEL LONG, Sergeant, in his official and individual

capacities, **PAUL KLUGE, Officer, in his official and individual capacities, JOHN DOE, Unidentified Officer of the Syracuse Police Department, in his official and individual capacities, JAMES DOE, Unidentified Officer of the Syracuse Police Department, in his official and individual capacities, CITY OF SYRACUSE, NEW YORK,**
           **Defendants-Appellees.**[1]
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**               JAMES P. TRAINOR, Cutler, Trainor & Cutler LLP, Malta, NY.

**FOR APPELLEES:**               JOSEPH R. H. DOYLE, Assistant Corporation Counsel <u>for</u> Mary Anne Doherty, Corporation Counsel, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Michael Marcavage and Michael Stockwell appeal from the denial of their motion for a preliminary injunction barring the enforcement of a Syracuse noise ordinance (the "Ordinance"), issued by the United States District Court for the Northern District of New York (Kahn, <u>J.</u>). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In order to obtain a preliminary injunction, "a moving party must demonstrate that (1) he is likely to succeed on the merits of the underlying claim, (2) he will suffer irreparable harm absent injunctive relief, and (3) the public interest weighs in favor of granting the injunction."

---

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

*Pope v. County of Albany*, 687 F.3d 565, 570 (2d Cir. 2012). "We review the denial of a preliminary injunction motion deferentially for abuse of discretion, which we will identify only when the district court decision rests on an error of law or a clearly erroneous finding of fact." *Id.* at 570-71.

"[T]he right to use public forums such as streets for speech and assembly is not absolute." *United for Peace & Justice v. City of New York*, 323 F.3d 175, 176 (2d Cir. 2003) (per curiam). Public speech "is subject to reasonable time, place, or manner restrictions," which are "valid provided that they are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984). The district court did not abuse its discretion in holding that Marcavage and Stockwell failed to prove likely success on their claim that the noise ordinance was unconstitutional, either on its face or as applied.

Marcavage and Stockwell argue that the Ordinance is unconstitutional on its face because of overbreadth and vagueness. However, facial challenges are disfavored, and the Ordinance must be upheld so long as it has a "'plainly legitimate sweep.'" *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449-51 (2008) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 739-740 (1997) (Stevens, *J.*, concurring)). We have upheld the constitutionality of similar noise ordinances that turn on a reasonable person's perception of unnecessary noise in the past. *See, e.g.*, *Howard Opera House Assocs. v. Urban Outfitters, Inc.*, 322 F.3d 125, 128 (2d Cir. 2003) (Burlington ordinance prohibiting "loud or unreasonable noise" is not vague and "passes constitutional muster"). There is no ground for treating this Ordinance differently, especially in response to a facial challenge.

Marcavage and Stockwell assert that a preliminary injunction is necessary because of the manner in which the Ordinance is (and was) applied. However, the only apparent problem in the application of the Ordinance stemmed from a single officer who made statements that were inconsistent with the plain text of the Ordinance, and who was consequently relieved from his role in enforcing the

3

Ordinance.  Therefore, this is not a case like <u>Elrod v. Burns</u>, 427 U.S. 347, 373-74 (1976), where there was a "threatened and occurring" loss of First Amendment freedoms. There is here no realistic threat of a "present and ongoing injury."  <u>Buckingham Corp. v. Karp</u>, 762 F.2d 257, 262 (2d Cir. 1985).  The district court did not abuse its discretion in finding that Syracuse is not "continuing to tread on Plaintiffs' constitutional rights in [its] current application of the Ordinance[]."  <u>Marcavage v. Syracuse Police Dep't</u>, No. 5:12-CV-00761 (LEK/DEP), at *11 (N.D.N.Y. June 6, 2012).  Preliminary injunctive relief is therefore inappropriate.

    For the foregoing reasons, and finding no merit in Marcavage and Stockwell's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

4