■ In the Matter of OTR MEDIA GROUP, INC., et al., Appellants, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents. [18 NYS3d 336]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 24, 2014, which, in a proceeding seeking to annul a determination of respondent Board of Standards and Appeals (BSA), dated October 22, 2013, affirming the denial of petitioners' application for a permit for an advertising sign, denied the petition insofar as it claimed that the definition of "within view" employed by respondents was arbitrary and capricious, and transferred the question of substantial evidence to this Court, pursuant to CPLR 7804 (g), unanimously vacated, on the law, without costs, the proceeding treated as if it had been transferred to this Court for de novo review pursuant to CPLR 7804 (g), and, upon such review, BSA's determination unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.

The "arbitrary and capricious" issue raised by petitioners and disposed of by the court is not an objection that could have terminated the proceeding within the meaning of CPLR 7804 (g), and thus we review the matter de novo (*see Matter of G & G Shops v New York City Loft Bd.*, 193 AD2d 405, 405 [1st

Dept 1993]). Upon such review, we find that BSA's interpretation of New York City Zoning Resolution § 42-55 to mean that an advertising sign is "within view" of an arterial highway if it is discernible, using a 360 degree perspective, by a person located on the highway, is not affected by an error of law or arbitrary and capricious (*see* CPLR 7803 [3]). Further, substantial evidence supports BSA's determination that, upon application of the "360 degree standard," the sign at issue was within view of the arterial highway (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]). Petitioners failed to preserve their retroactivity argument, as they never raised it at the administrative level (*see Matter of Nelson v New York State Div. of Hous. & Community Renewal*, 95 AD3d 733, 734 [1st Dept 2012]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe and Richter, JJ.