People v Lanham (2019 NY Slip Op 07905)





People v Lanham


2019 NY Slip Op 07905


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-12381
 (Ind. No. 2712/14)

[*1]The People of the State of New York, respondent,
v
Richard Lanham, appellant.


Christopher J. Cassar, P.C., Huntington, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan and Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered December 4, 2015, convicting him of failure to register a change of address, speeding, and failure to notify the Commissioner of the Department of Motor Vehicles of a change of residence, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that Correction Law § 168-f, which requires registered sex offenders to register a change of address within 10 days, is unconstitutionally vague as applied to him since it does not define the term "address." In analyzing whether a statute is unconstitutionally vague as applied, a court must first determine whether the statute in question is sufficiently definite to give a person of ordinary intelligence fair notice that his or her contemplated conduct is forbidden (see People v Stephens, 28 NY3d 307, 312; People v Stuart, 100 NY2d 412, 420). Second, the court must determine whether the enactment provides officials with clear standards for enforcement so as to avoid resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application (see People v Stephens, 28 NY3d at 312; People v Stuart, 100 NY2d at 420-421). Accordingly, a statute is unconstitutionally vague under the Due Process Clauses of the Federal and State Constitutions where it fails to give fair notice to the ordinary citizen that the prohibited conduct is illegal, and it lacks minimal legislative guidelines, thereby permitting arbitrary enforcement (see People v Stephens, 28 NY3d at 312; People v Stuart, 100 NY2d at 420-421). A statute which employs terms having an accepted meaning long recognized in law and life cannot be
said to be so vague and indefinite as to afford the defendant insufficient notice of what is prohibited or inadequate guidelines for adjudication. Words and phrases used in a statute should be given their ordinary meaning when the Legislature has given no indication that a different meaning was intended (see People v Cruz, 48 NY2d 419).
As a commonly understood term, the word "address" does not suffer from vagueness (see People v Couser, 94 NY2d 631, 636). Language is not impermissibly vague if it conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices (see People v Couser, 94 NY2d at 636; People v Foley, 94 NY2d 668, 681). Correction Law § 168-f is sufficiently definite to give the defendant fair notice that he was required to register his change of address from Nassau County to Suffolk County. Moreover, the statute provides officials with clear standards for enforcement. Accordingly, the statute is not unconstitutionally vague as applied.
The defendant's argument that the County Court erred in admitting cell site location information (hereinafter CSLI) into evidence at trial is unpreserved for appellate review. The defendant did not object to the admission of the evidence on Fourth Amendment grounds, either before or during trial (see People v Clark, 171 AD3d 942). In any event, the admission of the CSLI was proper. The CSLI was obtained pursuant to an order based on probable cause, which was effectively a warrant. This complied with the requirement of Carpenter v United States (___ US ___, ___, 138 S Ct 2206, 2221) (see People v Clark, 171 AD3d at 943; People v Sorrentino, 93 AD3d 450).
The defendant's contention that a proper foundation was not laid for the admission of the CSLI under the business records exception to the hearsay rule is without merit, since the testimony of an AT & T representative laid the proper foundation pursuant to CPLR 4518(a).
The County Court did not err in allowing two witnesses to identify the defendant in court without notice pursuant to CPL 710.30, as those witnesses were sufficiently familiar with the defendant such that there is little or no risk that police suggestion may have led to misidentification (see People v Rodriguez, 79 NY2d 445, 450; People v Heyliger, 126 AD3d 1117; People v Sides, 265 AD2d 907; People v Van Wallendael, 259 AD2d 716). Since the identifications made by the witnesses were merely confirmatory, they were not subject to the notice requirement of CPL 710.30 (see People v Rodriguez, 79 NY2d at 452; People v Cooley, 149 AD3d 1268; People v Lau, 148 AD3d 932).
The County Court's instructions to the jury on prior inconsistent statements were proper and sufficient (see People v Forte, 123 AD2d 641), as was its charge on the elements of Correction Law § 168-f (see People v Drake, 7 NY3d 28, 34; People v Samuels, 99 NY2d 20, 25).
The defendant's remaining contentions are without merit.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court