Matter of New York State Land Tit. Assn., Inc. v New York State Dept. of Fin. Servs. (2019 NY Slip Op 09366)





Matter of New York State Land Tit. Assn., Inc. v New York State Dept. of Fin. Servs.


2019 NY Slip Op 09366


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Singh, González, JJ.


10644 151562/18

[*1] In re New York State Land Title Association, Inc., et al., Petitioners-Respondents,
v
New York State Department of Financial Services, et al., Respondents-Appellants.


Letitia James, Attorney General, New York (Steven C. Wu of counsel), for appellants.
Gibson Dunn & Crutcher LLP, New York (Mylan Denerstein of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about August 5, 2019, which granted the petition to annul Insurance Regulation 208, codified at 11 NYCRR part 228 on October 18, 2017, effective December 18, 2017, unanimously reversed, on the law, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
This appeal reprises our review of the State's safe harbor regulations implementing its prohibition of the use of valuable inducements by title insurers to garner additional title insurance business. On appeal from a prior order which also granted the petition and annulled Insurance Regulation 208 in its entirety, this Court found that only two provisions were properly annulled, and "remand[ed] to Supreme Court for review of any arguments for affirmative relief raised in the petition that the court declined to reach because its grant of the petition rendered them academic" (Matter of New York State Land Tit. Assn., Inc. v New York State Dept. of Fin. Servs., 169 AD3d 18, 34 [1st Dept 2019]). This Court found that Insurance Law § 6409(d) is unambiguous," and that except for provisions not at issue here, "Insurance Regulation 208 has a rational basis as it echoes and further defines the legislative intent behind Insurance Law § 6409(d)" (id. at 22). On remand, Supreme Court agreed with petitioners' due process and free speech challenges to 11 NYCRR § 228.2(c), which sets forth a non-exhaustive list of examples of activities by title insurers that are permitted under certain conditions, in contrast with 11 NYCRR § 228.2(b), which sets forth prohibited activities.
Petitioners contend that section 228.2(c) is unconstitutionally vague in setting forth a non-exhaustive list of activities that are "permissible, provided[,]" among other things, that they are "reasonable and customary, and not lavish or excessive" (11 NYCRR § 228.2[c]). The court should have rejected this vagueness challenge, since section 228.2(c) "is sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden," and "the enactment provides officials with clear standards for enforcement so as to avoid resolution on an ad hoc and subjective basis" (People v Stephens, 28 NY3d 307, 312 [2016]). A law that "employs terms having an accepted meaning long recognized in law and life cannot be said to be so vague and indefinite as to afford . . . insufficient notice of what is prohibited or inadequate guidelines for adjudication" (id.). Of course, reasonableness is one of the most commonly applied legal standards (see United States v Johnson, 911 F3d 849, 854 [7th Cir 2018] [" (r)easonable' is one of those protean words that resists specification" and "is ubiquitous in statutes and regulations"), and indicates an objective test which does not give license to enforce the provision in an arbitrary or subjective manner (see Stephens, 28 NY3d at 312; but see Giaccio v Pennsylvania, 382 US 399 [1966]). Similarly, the words "lavish" and "excessive," standing in clear contrast with the word "reasonable," provide adequate notice of the type of behavior that is proscribed. The word "customary" also sets forth a standard that can be [*2]understood by an ordinary person (see People v Byron, 17 NY2d 64, 66 [1966] [rejecting vagueness challenge to ordinance proscribing "excessive or unusual noise"]).
The provisions of section 228.2(c) generally permitting advertising, charitable contributions, and political contributions are consistent with the right to free speech under the First Amendment to the United States Constitution and article I, § 8 of the New York Constitution. "[W]hen speech' and nonspeech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms . . . if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest" (United States v O'Brien, 391 US 367, 376 [1968]). Moreover, the First Amendment "accords a lesser protection to commercial speech than to other constitutionally guaranteed expression"; as long as commercial speech is not misleading or related to unlawful activity, the government "must assert a substantial interest to be achieved by restrictions on commercial speech," and any "limitation on expression must be designed carefully to achieve the State's goal" (Central Hudson Gas & Elec. Corp. v Public Serv. Comm'n of N.Y., 447 US 557, 563-564 [1980]). The content-neutral provisions at issue in this case are narrowly tailored to the substantial government interest of clarifying a statute intended to "prevent consumers from being required to subsidize unscrupulous exchanges of valuable things for real estate professionals" (Matter of New York State Land Tit. Assn., Inc., 169 AD3d at 31; cf. Central Hudson Gas, supra), and that interest is "unrelated to the suppression of free expression" (O'Brien, 391 US at 376).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK