Matter of 20 W. Props. LLC v Banks (2020 NY Slip Op 06840)





Matter of 20 W. Props. LLC v Banks


2020 NY Slip Op 06840


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 260152/17 Appeal No. 12445 Case No. 2018-5920 

[*1]In the Matter of 20 West Properties LLC, Petitioner-Appellant,
v
Steven Banks etc., et al., Respondents-Respondents.


Padernacht Law, P.C., Bronx (Daniel Padernacht of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.



Judgment (denominated an order), Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about October 3, 2018, inter alia, denying the petition to annul a November 29, 2016 determination of respondents to withhold rent subsidy payments due to hazardous Home Maintenance Code violations, declining to issue declaratory relief invalidating Social Services Law § 143-b on due process grounds, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner was not deprived of property without due process under Social Services Law § 143-b, as applied, but instead received "such procedural protections as the particular situation [*2]demands" (People v Aviles, 28 NY3d 497, 505 [2016]). Respondent New York City Human Resources Administration (HRA) has a compelling interest in "temporarily withholding payments of rent until hazardous and dangerous violations are cleared'" (Matter of Notre Dame Leasing v Rosario, 2 NY3d 459, 466 [2004] [internal quotation marks omitted]). By contrast, petitioner's interest in collecting partial rental payments for the eight units in its building occupied by public assistance recipients, out of 37 total units, is similar to that of a government contractor to whom payment has been withheld, which may be challenged in court post-deprivation (see Lujan v G & G Fire Sprinklers, Inc., 532 US 189, 195-196 [2001]). Furthermore, the risk of an erroneous deprivation was low, given HRA's compliance with the statutory requirement that it receive a report from the agency with jurisdiction over violations, here, nonparty New York City Department of Housing Preservation and Development (HPD), of each violation "which is dangerous, hazardous or detrimental to life or health," both before notifying petitioner of the intent to withhold payments and six months later (Social Services Law § 143-b[2]). Additional procedures beyond requiring petitioner to remedy the violations with HPD would add an unnecessary administrative burden (Mathews v Eldridge, 424 US 319, 335 [1976]), while CPLR article 78 relief is also available.
Petitioner's facial challenge to Social Services Law § 143-b cannot be considered, as it has not submitted proof that it served the Attorney General with the requisite notice of a challenge to the law's constitutionality (CPLR 1012[b][3]; Gina P. v Stephen S., 33 AD3d 412, 415-416 [1st Dept 2006]). In any event, since we reject petitioner's as-
applied challenge, "the facial validity of the statute is confirmed" (People v Stephens, 28 NY3d 307, 312 [2013] [internal quotation marks omitted]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020