Matter of Quire v City of New York (2020 NY Slip Op 07304)





Matter of Quire v City of New York


2020 NY Slip Op 07304


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Index No. 155690/18 Appeal No. 12554 Case No. 2019-05160 

[*1]In the Matter of Brian Quire, Petitioner,
v
City of New York et al., Respondents.


The Kurland Group, New York (Yetta G. Kurland of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered May 31, 2019, which, in this CPLR article 78 proceeding seeking to annul respondents' February 16, 2018 determination finding petitioner guilty of possessing and ingesting methamphetamine and terminating his employment as a police detective, denied the petition to the extent it alleged that the determination was affected by an error of law, and then transferred the questions of substantial evidence and appropriateness of the penalty to this Court, unanimously vacated, on the law, the matter reviewed de novo, and upon such review, respondents' determination unanimously confirmed, the petition denied, and the proceeding dismissed, without costs.
"The [error of law] issue raised by petitioner[] and disposed of by the court is not an objection that could have terminated the proceeding within the meaning of CPLR 7804(g), and thus we review the matter de novo" (Matter of OTR Media Group, Inc. v Board of Stds. & Appeals of the City of N.Y., 132 AD3d 607, 607 [1st Dept 2015]; see Matter of G & G Shops v New York City Loft Bd., 193 AD2d 405, 405 [1st Dept 1993]).
The determination that petitioner possessed and ingested methamphetamine is supported by substantial evidence in the record (CPLR 7803[4]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). "[T]hree samples of hair from his [leg] were subjected to repeated testing by independent laboratories and yielded positive results" (Matter of Lumezi v Bratton, 147 AD3d 566, 566 [1st Dept 2017]; see Matter of Jones v Kelly, 111 AD3d 415, 415 [1st Dept 2013]). To the extent there were conflicting expert opinions as to the efficacy of drug testing using hair, as well as character witness testimony tending to show that petitioner did not use drugs, "courts may not weigh the evidence or reject the choice made" by the hearing officer to accept or reject particular testimony (Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).
Petitioner's contention that respondents failed to apply the preponderance of the evidence standard is unavailing, as this Court's review "is limited to a consideration of whether that resolution was supported by substantial evidence upon the whole record" (300 Gramatan Ave. Assoc., 45 NY2d at 181). In any event, his contention is unsupported by the text of the determination.
Petitioner's procedural arguments concerning the hearing are unavailing. He waived any objection to the hearing's reopening "by failing to object on the record," instead agreeing to whatever the hearing officer decided and offering suggestions as to how to proceed (see Matter of Stergiou v New York City Dept. of Educ., 106 AD3d 511, 512 [1st Dept 2013]). Similarly, administrative res judicata was inapplicable, as no determination had been rendered at the time (see Matter of Jason B. v Novello, 12 NY3d 107, 113 [2009]).
We find no grounds to vacate the penalty here, as "[t]he Commissioner's dismissal of a police officer for using illegal drugs is not so disproportionate to the offense as to be shocking to one's sense of fairness" (Trotta v Ward, 77 NY2d 827, 828 [1991], citing Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; see also Matter of Jones, 111 AD3d at 415).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020