Matter of 101 Park Ave. Assoc. II, LLC v City of New York (2021 NY Slip Op 06745)





Matter of 101 Park Ave. Assoc. II, LLC v City of New York


2021 NY Slip Op 06745


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 153827/20 Appeal No. 14729 Case No. 2021-00033 

[*1]In the Matter of 101 Park Avenue Associates II, LLC, etc., Petitioner-Appellant,
v
City of New York et al., Respondents-Respondents.


Sheldon Lobel, PC, New York (Richard Lobel of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about December 7, 2020, which denied the petition to annul a determination of the New York City Environmental Control Board, dated January 9, 2020, sustaining two violations of Zoning Resolution (ZR) § 32-655 and two violations of Administrative Code of the City of NY § 28-105.1, and dismissed the proceeding, unanimously vacated, on the law, the proceeding treated as if it had been transferred to this Court for de novo review pursuant to CPLR 7804(g), and, upon such review, the determination unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
The proceeding should have been transferred to this Court pursuant to CPLR 7804(g) because the petition raises an issue of substantial evidence (Matter of Karol v New York City Off. of Admin. Trials & Hearings, 190 AD3d 420 [1st Dept 2021], lv denied 37 NY3d 903 [2021]). It is not dispositive that petitioner's arguments do not employ the phrase "substantial evidence" or that the court framed the issue in terms of whether the interpretation of the Zoning Resolution was arbitrary and capricious, which "is not an objection that could have terminated the proceeding within the meaning of CPLR 7804(g)" (Matter of OTR Media Group, Inc. v Board of Stds. & Appeals of the City of N.Y., 132 AD3d 607, 607 [1st Dept 2015]).
Substantial evidence supports the determination that the displays of illuminated letters on the 49th floor of petitioner's building were a "sign" within the meaning of ZR § 12-10 (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]). The only disputed element of the definition of a sign is whether the displays were "located in a window," as required by subsection (c) of the ZR's definition of a sign (ZR § 12-10). According to the hearing testimony of a New York City Department of Buildings inspector, which was credited by the Hearing Officer, the letters were attached to a "substrate wall," which was eight inches away from the inner side of the glass of the building's exterior window. The inspector was unable to measure the distance between the glass and the letters because he could not reach that area with his tape measure, but he testified that the letters were positioned "between" the substrate wall and the glass and that the letters did not contact the glass. This testimony, as well as other evidence introduced at the hearing, including photographs, established that the text displayed at a de minimis distance behind the window panes was "located in a window" within the meaning of ZR § 12-10.
Petitioner failed to "overcome the presumption of constitutionality that favors legislative enactments" (People v Tichenor, 89 NY2d 769, 773 [1997], cert denied 522 US 918 [1997]). The "located in a window" element of the definition of a sign is not unconstitutionally vague merely because it does not indicate any "precise standard [*2]for measurement" (Stringfellow's of N.Y. v City of New York, 91 NY2d 382, 406 [1998]), and uses language that allows for some "element of degree in the definition as to which estimates might differ" (People v Stephens, 28 NY3d 307, 312-313 [2016] [internal quotation marks omitted]). The phrase "in a window" is commonly understood to include not only objects in direct contact with a window but also an object displayed mere inches away from a window (see id. ["a statute which employs terms having an accepted meaning long recognized in law and life cannot be said to be so vague and indefinite as to afford . . . insufficient notice of what is prohibited or inadequate guidelines for adjudication"] [internal quotation marks omitted]; see also Town of Delaware v Leifer, 34 NY3d 234, 247 [2019]). Here, petitioner's display was "plainly within the ambit of the statute" (People v Nelson, 69 NY2d 302, 308 [1987]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021