Matter of Hoy v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 02758)

Matter of Hoy v New York State Div. of Hous. & Community Renewal

2022 NY Slip Op 02758

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. 159513/19 Appeal No. 15797 Case No. 2021-01280 

[*1]In the Matter of Justin Hoy et al., Petitioners-Appellants,
v
New York State Division of Housing and Community Renewal et al., Respondents-Respondents.

Sokolski & Zekaria, P.C., New York (Mark Davies of counsel), for appellants.
Mark F. Palomino, General Counsel, New York (Sandra A. Joseph of counsel), for New York State Division of Housing and Community Renewal, respondent.
Rosenberg & Estis, P.C., New York (Dejan Kezunovic of counsel), for 433 West Associates, LLC, respondent.

Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 8, 2020, denying the petition to annul the August 5, 2019 determination of respondent New York State Division of Housing and Community Renewal (DHCR), which upheld the Rent Administrator's grant of respondent landlord's application for high-income deregulation, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determination was not affected by an error of law (CPLR 7803[3]). The Housing Stability and Tenant Protection Act of 2019 (HSTPA), Part D, has barred high-income deregulation, except that "any unit that was lawfully deregulated prior to June 14, 2019, shall remain deregulated" (L 2019, ch 39, § 1, part Q, § 10). In this case, the Rent Administrator issued ZER-410206 LD on June 22, 2018. The order stated: "the subject housing accommodation is deregulated effective upon the expiration of the existing lease." The tenant's existing lease expired on November 30, 2018. 
Therefore pursuant to prior law and the Rent Administrator's order of deregulation, the apartment was lawfully deregulated on November 30, 2018, "upon the expiration of the existing lease." Since the deregulation took effect prior to June 14, 2019, pursuant to HSTPA, the apartment shall remain deregulated.
Petitioners' contention that an automatic stay pending the decision on their petition for administrative review precludes a finding that the apartment was lawfully deregulated when their lease expired (see 9 NYCRR 2529.12), is unpreserved (see Matter of Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545 [1st Dept 2013]), and we may not consider arguments not contained in the administrative record (see Matter of Nelson v New York State Div. of Hous. & Community Renewal, 95 AD3d 733, 734 [1st Dept 2012]).
We also find that DHCR's determination, that the combined total annual income of the two tenants (Justin Hoy and Eric Lozano) exceeded the statutory threshold in both relevant tax years, was not arbitrary and capricious (CPLR 7803[3]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). DHCR properly rejected petitioners' allegations that Justin Hoy's income was improperly considered in the evaluation of the household income. There is evidence in the record showing that petitioner Justin Hoy lived in the unit throughout the period in question, such as his responses on the landlord and DHCR's forms, and the landlord's key fob logs showing the frequency of his entrances into the building. His subsequent assertion, by attorney letter, that he did not reside in the unit, is insufficient to show that DHCR's decision was irrational (cf. Matter of Lenox Hill Apts. Inc. v New York State Div. of Hous. & Community Renewal, 161 AD3d 641 [1st Dept 2018] [directing DHCR to issue final order of deregulation where there was a delay of over one [*2]year between owner filing deregulation petition, upon tenants' certification of income above deregulation threshold, and tenants' change of certified income in an amended income certification form]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022