Matter of Board of Educ. of the Newburgh Enlarged City Sch. Dist. v Public Empl. Relations Bd. of the State of N.Y. (2023 NY Slip Op 01038)

Matter of Board of Educ. of the Newburgh Enlarged City Sch. Dist. v Public Empl. Relations Bd. of the State of N.Y.

2023 NY Slip Op 01038

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

534847
[*1]In the Matter of Board of Education of the Newburgh Enlarged City School District, Petitioner,
v
Public Employment Relations Board of the State of New York et al., Respondents.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Shaw, Perelson, May & Lambert, LLP, Poughkeepsie (David S. Shaw of counsel), for appellant.
New York State Public Employment Relations Board, Albany (Michael T. Fois of counsel), for New York State Public Employment Relations Board, respondent.
Robert T. Reilly, New York State United Teachers, Williamsville (Timothy Connick of counsel), for The Newburgh Teacher's Association, respondent.

Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board finding that petitioner had committed an improper employer practice.
Petitioner commenced this CPLR article 78 proceeding seeking annulment of a determination made by respondent Public Employment Relations Board (hereinafter PERB). Although respondent Newburgh Teachers' Association answered, PERB moved to dismiss the petition in a pre-answer motion. PERB asserted therein what it believed to be the proper standard of review and argued for dismissal of the petition based on that standard. Supreme Court disagreed with PERB's argument as to the applicable standard of review and otherwise transferred the proceeding to this Court.
As an initial matter, PERB contends that Supreme Court erred in transferring the proceeding before ruling on its motion. In the court's transfer order, the court rejected PERB's argument concerning the standard of review. The court, however, did not address that part of PERB's motion seeking dismissal of the petition nor does it appear that it granted or denied PERB's motion. Notwithstanding the foregoing, once a proceeding is transferred to this Court, we are empowered to dispose of all issues raised therein (see CPLR 7804 [g]; Matter of 125 Bar Corp. v State Liq. Auth. of State of N.Y., 24 NY2d 174, 180 [1969]; Matter of Vito v Jorling, 197 AD2d 822, 825 n [3d Dept 1993]). Accordingly, remittal for resolution of PERB's motion is unnecessary.
A respondent in a CPLR article 78 proceeding may assert an objection in point of law in either an answer or a pre-answer motion to dismiss (see CPLR 7804 [f]; Matter of Lally v Johnson City Cent. Sch. Dist., 105 AD3d 1129, 1130 [3d Dept 2013]). "An objection in point of law is not any legal issue raised in the proceeding, but is limited to threshold objections of the kind listed in CPLR 3211 (a) which are capable of disposing of the case without reaching the merits" (Matter of Hull-Hazard, Inc. v Roberts, 129 AD2d 348, 350 [3d Dept 1987] [citation omitted], affd 72 NY2d 900 [1988]; see Matter of G & G Shops v New York City Loft Bd., 193 AD2d 405, 405 [1st Dept 1993]). In its motion, PERB maintained that the arbitrary and capricious standard was the correct standard by which to assess its determination and that, upon the application of such standard, the petition should be dismissed.[FN1] PERB, however, did not cite to, or rely upon, any "threshold objection[ ] of the kind listed in CPLR 3211 (a)" in its motion (Matter of Hull-Hazard, Inc. v Roberts, 129 AD2d at 350). Even assuming, without deciding, that the arbitrary and capricious standard is the correct standard, the arbitrary and capricious standard is not the type of objection in point of law that could terminate the proceeding without reaching the merits (see Matter of OTR Media Group, Inc. v Board of Stds. & Appeals of the City of N.Y[*2]., 132 AD3d 607, 607 [1st Dept 2015]). To the contrary, such standard is used to assess the merits of the petition. By relying on the arbitrary and capricious standard, PERB improperly seeks a merits-based determination of the petition in the context of a pre-answer motion. As such, the motion is denied.[FN2]
To that end, following the denial of a respondent's motion to dismiss a CPLR article 78 petition, "the court shall permit the respondent to answer, upon such terms as may be just" (CPLR 7804 [f]). Although remittal for such purpose would be unnecessary where "the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer" (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]), this case is not one of those instances. Accordingly, the matter must be remitted so that PERB may interpose an answer to the petition (see Matter of Kickertz v New York Univ., 25 NY3d 942, 944 [2015]; Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y., 8 NY3d 1001, 1002 [2007]). Finally, notwithstanding the fact that Newburgh Teachers' Association joined issue and that the parties have briefed the merits of the petition, we express no opinion thereon.
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the motion by respondent Public Employment Relations Board is denied, without costs, and matter remitted to the Supreme Court to permit said respondent to serve an answer within 20 days of this Court's decision.

Footnotes

Footnote 1: Although not included in the record on appeal, we take judicial notice of PERB's supporting memorandum of law that was e-filed in the New York State Courts Electronic Filing system in Supreme Court (see Corona v HHSC 13th St. Dev. Corp., 197 AD3d 1025, 1026 n [1st Dept 2021]).

Footnote 2: To the extent that PERB argues that the petition failed to state a cause of action, this argument is improperly raised for the first time on appeal (see Matter of Doe v Trustees of Union Coll., 195 AD3d 1216, 1218 [3d Dept 2021]). Even if preserved, we would find it to be without merit.