Matter of SLIC Network Solutions, Inc. v New York State Dept. of Taxation & Fin. (2024 NY Slip Op 00342)

Matter of SLIC Network Solutions, Inc. v New York State Dept. of Taxation & Fin.

2024 NY Slip Op 00342

Decided on January 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 25, 2024

535951
[*1]In the Matter of SLIC Network Solutions, Inc., Appellant,
v
New York State Department of Taxation and Finance et al., Respondents.

Calendar Date:December 13, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ.

Hodgson Russ LLP, Buffalo (Henry A. Zomerfeld of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.

Garry, P.J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), entered July 14, 2022 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78, RPTL article 7 and action for declaratory judgment, to, among other things, review a determination of respondent Department of Taxation and Finance finding petitioner's property taxable real property.
Petitioner is a company that provides Internet, telephone and cable television services via fiber-optic cables and conduits to its private customers around the state. Under the Real Property Tax Law, such equipment falls within the ambit of "[l]ocal public utility mass real property" (RPTL 499-hhhh [1], [3]), and is it therefore generally taxable real property "[w]hen owned by other than a telephone company" (RPTL 102 [12] [i]; see Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d 594, 608 [2018]). Thus, each year, local assessing jurisdictions are required to establish assessment values for such property (see RPTL 499-jjjj; see also RPTL 499-hhhh [2]), which may not exceed an assessment ceiling set by respondent Commissioner of Taxation and Finance (see RPTL 499-kkkk [1]; 499-qqqq [1]). Petitioner availed itself of the statutory opportunity to challenge the tentative 2020 ceilings for the jurisdictions in which it owns property (see RPTL 499-oooo [1], [2]), arguing, in pertinent part, that its fiber-optic cables are excluded from the definition of public utility mass real property because they are used in the "transmission of . . . cable television signals" (RPTL 102 [12] [i] [D]). The Hearing Officer rejected that argument, and the Commissioner set the final telecommunications ceilings for the 2020 assessment rolls. Petitioner commenced this combined proceeding pursuant to CPLR article 78, RPTL article 7 and action for declaratory judgment, maintaining its entitlement to the exclusion, among other arguments.[FN1] Supreme Court upheld the administrative determination, and this appeal ensued.
The RPTL excludes from the definition of local public utility mass real property equipment such as that at issue here when it is "used in the transmission of news or entertainment radio, television or cable television signals" (RPTL 102 [12] [i] [D]). However, courts have interpreted this exclusion as applying to fiber-optic installations only if they are "primarily or exclusively used" for one of the excluded purposes, lest the exception swallow the rule that such property is generally taxable (Matter of Centurylink Communications, LLC v Schmidt, 199 AD3d 1084, 1088 [3d Dept 2021]; see Matter of Level 3 Communications, LLC v Erie County, 174 AD3d 1497, 1501 [4th Dept 2019], lv denied 35 NY3d 906 [2020]). "[W]hen the matter at issue is subject to the taxing statute, but the question is whether taxation is negated by a statutory exclusion, . . . the presumption is in favor of the taxing power," and "the burden rests on the petitioner to establish that the item [*2]comes within the language of the exclusion" (Matter of Wegmans Food Mkts., Inc. v Tax Appeals Trib. of the State of N.Y., 33 NY3d 587, 592-594 [2019] [internal quotation marks, brackets and citations omitted]; see Matter of Level 3 Communications, LLC v Erie County, 174 AD3d at 1500-1501).
Petitioner argues that the primary use of its fiber-optic cables is to provide cable television services and that its provision of Internet and telephone services does not undermine that primacy.[FN2] In support of its argument, petitioner largely relies upon the testimony and affidavits of its chief operating officer, who offered a number of figures and facts regarding petitioner's use of its fiber-optic cables. For example, it is asserted that virtually 100% of petitioner's fiber-optic cables are utilized to transmit television signals and that approximately 85% of the total percentage of petitioner's fiber-optic plant is required for that transmission. It is also alleged that petitioner holds numerous franchise and content agreements obligating it to provide cable television services and that it continues to invest significantly in television infrastructure and expand its service. During the pertinent time period, allegedly two-thirds of petitioner's company-wide direct costs were attributable to its television business, and in excess of 50% of its maintenance expenses resulted from the support of its television services.
We agree with Supreme Court that none of these claims, or the evidence proffered in support thereof, address the extent to which the fiber-optic cables are used for the transmission of cable television signals in comparison to the other documented uses of those same lines. Reliance upon the fact that other government entities license or recognize petitioner as an operator of a cable television system is similarly misplaced given the absence of any proof regarding the criteria used for such licensure or designation. Also absent is any evidence concerning the allegedly ancillary nature of the Internet and telephone signals transmitted by petitioner. In sum, although it is clear that the transmission of cable television signals is among petitioner's uses of its fiber-optic cables, the type of proof of use contemplated by the RPTL and case law needed to demonstrate entitlement to the subject exclusion is lacking (see Matter of Level 3 Communications, LLC v Erie County, 174 AD3d at 1501). We therefore discern no basis to disturb the judgment before us.
Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: The other 11 causes of action set forth by petitioner in this hybrid proceeding were previously dismissed.

Footnote 2: Contrary to petitioner's contention, to the extent that a double taxation argument is set forth, such claim is raised for the first time on appeal and is therefore not preserved for our review (see Matter of Board of Educ. of the Newburgh Enlarged City Sch. Dist. v Public Empl. Relations Bd. of the State of N.Y., 213 AD3d 1186, 1187 n 2 [3d Dept 2023]; Matter of CLM Assoc., LLC v New York State Tax Appeals Trib., 181 AD3d 999, 1001 n 3 [3d Dept 2020], lv denied 36 NY3d 904 [2021]).